**FILED**
**12:41 pm Oct 18 2018**
**Clerk U.S. District Court**
**Northern District of Ohio**
**Cleveland**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| THOMAS J. NORMAN, | CASE NO. 1:18 CV 1080 |
| Plaintiff, | JUDGE DAN AARON POLSTER |
| vs. | <u>**MEMORANDUM OPINION AND ORDER**</u> |
| DR. ALFRED GRANSON, et al., | |
| Defendants. | |

This matter is before the Court on the Amended Complaint of *pro se* Plaintiff Thomas Norman, against defendants Dr. Alfred Granson, Dr. James Kline, Dr. Andrew Eddy, Dr. Jose Ventosa, Beatrice Lewis (healthcare administrator), Patricia Metzler (nurse practitioner), Duane Gibson (registered nurse), Nurse Jane Doe, Kim Fredericks (institutional inspector), Dan Hall (physician's assistant), Rebecca Wheeler (physician's assistant), and Amanda Frye (nurse practitioner) (collectively "Defendants") (Doc. # 3).[1]  Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment's prohibition against cruel and unusual punishment (*id*. ¶ 216-39).  He seeks declaratory and injunctive relief, an order placing him under the care of an independent gastroenterologist, and compensatory and punitive damages (*id*. ¶ 240-244).

---

[1] Included as a defendant in Norman's original complaint, but not in his amended complaint, is Robin Williams (institutional dietician).

## I. BACKGROUND

Plaintiff is a state prisoner currently incarcerated at Richland Correctional Institution in Mansfield, Ohio, and brings this action pursuant to 42 U.S.C. § 1983. In a 100 page Amended Complaint, Plaintiff chronicles events beginning in 1998 which allegedly show that Defendants provided him with inadequate and untimely medical care causing H. pylori bacteria to permeate his body, resulting in chronic complications, including inflammatory bowel disease (*see id*. ¶ 17, 22). Plaintiff claims that he received inadequate medical care from Defendants who were deliberately indifferent to his serious medical needs (*see id.* ¶ 216-239). He cites various medical treatises in support of his allegations (*see id.* ¶ 18, 133, 212), and has filed multiple grievances concerning his medical care (*see e.g. id.* ¶ 57-64, 106, 108).

## II. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Amended Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Amended Complaint

contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's obligation to state his grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id*. Although a complaint need not contain detailed factual allegations, the factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court explained the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[T]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. ANALYSIS

In order to state a claim under 42 U.S.C. § 1983, Plaintiff must allege that a person acting under color of state law deprived him of his rights, privileges, or immunities secured by the Constitution or the laws of the United States. *West v. Atkins,* 487 U.S. 42, 48 (1988). According to the Amended Complaint, Defendants work for the Ohio Department of

-3-

Rehabilitation and Correction ("ODRC") and provide medical care for state prisoners (*see id.* ¶ 4-11, 13-15) with the exception of Kim Fredrick, who Plaintiff describes as the "Institutional Inspector" of the ODRC responsible for investigating grievances at Trumbull Correctional Institution[2] (*id.* ¶ 12). Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

## A. Claims Based Upon Events Occurring Before May 10, 2016 are Barred by the Statute of Limitations

The statute of limitations governing Plaintiff's § 1983 claim is two years. *Browning v. Pendleton*, 869 F.2d 989, 990 (6th Cir. 1989) (Ohio's two year statute of limitations for bodily injury applies to § 1983 claims); *LRL Properties v. Portage Metro Housing Auth.*, 55 F.3d 1097, 1105 (6th Cir. 1995) (same). The statute of limitations period for § 1983 Eighth Amendment claims for deliberate indifference commences when an inmate's request for treatment is denied. *See Frasure v. Shelby Cty. Sheriff's Dep't*, 4 F. App'x 249, 250 (6th Cir. 2001) (citing *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981)). The § 1983 limitations period for such claims is not subject to the continuing violation doctrine because each alleged denial of medical care is a discrete unlawful act with its own new statute of limitations period. *Bruce v. Corr. Med. Servs. Inc.*, 389 F. App'x 462, 466-67 (6th Cir. 2010); *Hendricks v. Mohr*, No. 2:15-CV-3130, 2017

---

[2] Plaintiff alleges that Fredrick failed to timely process, and denied, the grievances he filed concerning his medical care (Doc. # 3, ¶ 106-08). But liability under § 1983 must be based upon active unconstitutional behavior, not on a failure to act, and Frederick's involvement in Plaintiff's grievances concerning his medical care are not sufficient to state a claim against her for deliberate indifference to Plaintiff's serious medical needs. *See Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) (denial of a grievance is not the same as the denial of a request to receive medical care, and a lack of personal involvement in the alleged denial of medical care does not support a § 1983 deliberate indifference claim).

WL 2991687, at *3 (S.D. Ohio July 14, 2017) (same) (citing *Bruce*, 389 F. App'x at 466-67 and *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007)).

Plaintiff's initial complaint was filed on May 10, 2018 (Doc. # 1). Plaintiff's allegations of deliberate indifference begin in 1998 (Doc. # 3, ¶ 22). Claims based upon conduct that occurred prior to May 10, 2016 are subject to dismissal pursuant to § 1915(e) because those claims are time-barred.[3] *Alston v. Tenn. Dep't of Corr.*, 28 F. App'x 475, 476 (6th Cir. 2002) ("Because the statute of limitations defect was obvious from the face of the complaint, [the district court's] sua sponte dismissal of the complaint was appropriate.") (citing *Pino v. Ryan,* 49 F.3d 51, 53–54 (2d Cir. 1995)); *see also Bell v. Rowe*, 178 F.3d 1293 (6th Cir. 1999) (Table) ("Where a particular claim is barred by the applicable statute of limitations, it does not present an arguable or rational basis in law and therefore may be dismissed as frivolous under § 1915(e).") (citation omitted); *Fraley v. Ohio Gallia Cty.*, 166 F.3d 1213 (6th Cir. 1998) (Table) ("[A] sua sponte dismissal of an in forma pauperis complaint is appropriate where the complaint bears an affirmative defense such as the statute of limitations and is therefore frivolous on its face.") (citing *Pino,* 49 F.3d at 53 and *McGore v. Wrigglesworth,* 114 F.3d 601, 609 (6th Cir. 1997)).

Any claim by Plaintiff for violation of the Eighth Amendment based upon conduct occurring before May 10, 2016 is barred by the two-year statute of limitations governing § 1983 claims, and dismissed pursuant to § 1915(e) because those allegations fail to state a claim upon which relief can be granted and are frivolous.

---

[3] Liberally construing Plaintiff's *pro se* pleadings, the Court applies the filing date of Plaintiff's original complaint to Plaintiff's later filed Amended Complaint to determine the onset date of the applicable two-year statute of limitations period.

**B. Amended Complaint Fails to State a § 1983 Claim for Deliberate Indifference to Plaintiff's Serious Medical Needs**

The Eighth Amendment's prohibition against cruel and unusual punishment proscribes punishment that is incompatible with "the evolving standards of decency that mark the progress of a maturing society" and, under that standard, obligates the government to provide medical care for incarcerated prisoners. *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (quoting *Trop v. Dulles*, 356 U.S. 86, 100-01 (1958)); *see also Vick v. Core Civic*, No. 1:18-CV-00003, – F. Supp. 3d – 2018 WL 2862861, at *7 (M.D. Tenn. June 11, 2018) ("The Eighth Amendment to the United States Constitution requires that inmates be provided with reasonably adequate food, clothing, shelter, sanitation, recreation, and medical care.") (citation omitted). The government runs afoul of the Eighth Amendment with respect to inmate medical care when it is deliberately indifferent to a prisoner's serious medical needs. *Estelle*, 429 U.S. at 104-05.

A § 1983 claim for deliberate indifference consists of an objective component and a subjective component, both of which must be satisfied. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires the existence of a "sufficiently serious" medical need. *Id*. That is, "the inmate must show that he is incarcerated under conditions posing a substantial risk of harm." *Id*. The subjective component requires an inmate to show that prison officials have a sufficiently culpable state of mind in denying him medical care. *Id*. In order to satisfy this culpable state of mind, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.

Even assuming for the purpose of this analysis that Plaintiff's allegations satisfy the

-6-

objective component of a deliberate indifference analysis, and liberally construing the Amended Complaint, Plaintiff fails to establish the subjective component and, therefore, fails state a claim for deliberate indifference upon which relief can be granted.

To establish the subjective component of a deliberate indifference claim, an inmate must show that prison officials subjectively perceived a risk of harm and then disregarded it. *Farmer*, 511 U.S. at 837; *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). Every claim by a prisoner that he has not received adequate medical treatment does not state an Eighth Amendment violation. *Estelle,* 429 U.S. at 105. Claims that prison medical personnel were negligent in diagnosing or treating a medical condition do not state a claim for deliberate indifference to a prisoner's serious medical need under the Eighth Amendment. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id*. at 106. A doctor's exercise of medical judgment, even if incorrect, does not constitute deliberate indifference to an inmate's serious medical needs. *Id*. at 107 (the issue of whether a doctor should have ordered certain diagnostic tests or forms of treatment is a "classic example" of the exercise of medical judgment and does not constitute cruel and unusual punishment even when an inmate identifies a number of medical options that were not pursued and would have led to an appropriate diagnosis and treatment for the daily pain he was suffering).

Plaintiff claims in conclusory fashion that Defendants were deliberately indifferent to his serious medical needs concerning his gastrointestinal complaints, including constipation, acid reflux, and the diagnosis and treatment of H. pylori. But the factual allegations in the Amended Complaint show that Plaintiff was tested for H. pylori and received treatment for his gastrointestinal conditions. While the Court is required to liberally construe the Amended

-7-

Complaint and view the allegations therein in a light most favorable to the Plaintiff, the Court is not required to make unwarranted inferences or accept unwarranted legal conclusions in determining whether the Amended Complaint states a plausible claim for deliberate indifference in violation of the Eighth Amendment. *See Gregory v. Shelby Cty., Tenn.,* 220 F.3d 433, 446 (6th Cir. 2000) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

The factual allegations in the Amended Complaint show that Plaintiff was tested for H. pylori on multiple occasions and treated (*see* Doc. # 3, ¶ 101, 130, 133, 145, 158-161, 181). Indeed, Plaintiff complains that he received too much treatment for H. pyloria, alleging that Granson prescribed an "unnecessary round of H. pylori treatment" when a biopsy at Ohio State University's Medical Center produced negative results for H. pylori, and was "out of touch with current medical treatment" (*id*. ¶ 181). In addition to being tested and treated for H. pylori, Plaintiff was referred to a dietician (*id*. ¶ 96), received a CT scan and X-Ray (*id*. ¶ 52, 188), evaluated for a peptic ulcer (*id*. ¶ 164), treated with laxatives, milk of magnesia, stool softeners and heartburn medication (Zantac) (*id*. ¶ 31, 73), referred to a gastroenterology specialist at the Ohio State University Medical Center for a colonoscopy and biopsy (*see id*. ¶ 17, 33, 88, 181, 210), and referred for mental health treatment (*id*. ¶ 159).

At bottom, Plaintiff's claims that the Defendants were deliberately indifferent to his serious medical needs constitute nothing more than disagreement with the course of testing and treatment taken by Defendants in response to his medical complaints. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)). "As a

-8-

general rule, a patient's disagreement with his physicians over the proper course of treatment alleges, at most, a medical-malpractice claim, which is not cognizable under § 1983." *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017) (citing *Estelle*, 429 U.S. at 107 and *Mitchell v. Hininger*, 553 F. App'x. 602, 605 (6th Cir. 2014) (a prisoner's desire for additional or different treatment does not, by itself, support an Eighth Amendment claim)); *Johnson v. Karnes*, 398 F.3d 868, 875 (6th Cir. 2005) ("Accordingly, '[w]hen a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation.'") (quoting *Comstock*, 273 F.3d at 703).[4]

Plaintiff claims that the medical care he received from Defendants fell outside the standard of conventional medical care and constituted negligence (*see* Doc. # 3, ¶ 17, 85, 108, 118, 128, 131, 165, 176, 181). Such classic medical malpractice claims do not state a claim for deliberate indifference to Plaintiff's serious medical need under the Eighth Amendment. *Estelle*, 429 U.S. at 106; *Miller v. Calhoun Cty*., 408 F.3d 803, 813 (6 th Cir. 2005) (The

---

[4] Plaintiff also alleges that a series of doctors and nurses treated him as if he was "faking" and Dr. Ventosa stated "there is nothing wrong with you" (Doc. # 3, ¶ 38, 136). In order to satisfy the subjective prong of deliberate indifference, a prison official must have a subjective belief that a prisoner is at substantial risk of serious harm. Plaintiff's allegation that doctors and nurses treating him believed he was faking and that there was nothing wrong with him suggests that they did not draw the inference, or subjectively believe, that Plaintiff was at substantial risk of serious harm. *See Weaver v. Shadoan*, 340 F.3d 398, 411-12 (6th Cir. 2003) (police officer's belief that pretrial detainee was faking an illness does not support an inference that the officer acted with deliberate indifference to the detainee's serious medical needs). Plaintiff also states that his gastrointestinal symptoms were exacerbated when he consumed, caffeine, tomato, bread, spicy food, and dairy (*see* Doc. # 3, ¶ 213). He alleges that he was refused further testing in February 2018 after his commissary purchases were reviewed (*id*. ¶ 165). According to Plaintiff, his commissary purchase history is not an accurate depiction of what he consumes and "those purchases were made for my childhood friend" (*id*.). Be that as it may, the decision to deny testing based on perceived food choices by Plaintiff belies an inference that Defendants satisfied the subjective component of the deliberate indifference standard. Plaintiff also contends that at some point Eddy denied a request to be seen by an outside gastroenterologist on the grounds that "there is no clinic[al] indication for you to be seen by an outside gastroenterologist" (*id*. ¶ 108). Even if Eddy were incorrect in that determination, medical negligence does not support an inference that Eddy subjectively believed Plaintiff was at substantial risk of harm and disregarded that risk.

subjective component of "[d]eliberate indifference requires a degree of culpability greater than mere negligence[.]") (citation omitted).

## IV.  CONCLUSION

For all of the foregoing reasons, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[5]

**IT IS SO ORDERED**.

**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[5] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.